```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE NORTHERN DISTRICT OF INDIANA
                        HAMMOND DIVISION


STEVEN P. PASTORCIK,            )
                                )
          Plaintiff,            )
                                )    NO. 2:06-CV-060
     v.                         )
                                )
STARKE COUNTY JUDICIAL          )
SYSTEM, et al.,                 )
                                )
          Defendants.           )
```

## OPINION AND ORDER

This matter is before the Court on the Application to Proceed Without Prepayment of Fees, Affidavit of Pauper Status & Motion for Appointment of Counsel, filed by Plaintiff, Steven P. Pastorcik, on February 15, 2006. For the reasons set forth below, the motion to proceed IFP is **DENIED**. The Clerk is **ORDERED** to **DISMISS** this case pursuant to Tile 28 U.S.C. section 1915(e)(2)(B)(ii).

Pastorcik, a *pro se* plaintiff, has submitted a complaint and a petition for leave to proceed *in forma pauperis*.

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted.

28 U.S.C. § 1915(e)(2)(B)(ii).

Pastorcik alleges that he was wrongly convicted in state court, that he wrongly spent time in prison, that he was wrongly assigned to probation, and that he was wrongly arrested for probation violations without a warrant. He alleges that he is currently facing two additional years of incarceration on those charges. He seeks an injunction preventing this as well as monetary compensation.

In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court taught that where the successful prosecution of a civil rights case would undermine or imply the invalidity of a criminal prosecution, the civil rights case cannot proceed without proof "that the conviction was reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Heck, 512 U.S. at 486-87.  Here, a monetary award based on having been wrongly convicted, imprisoned, and assigned to probation would undermine and imply the invalidity of his conviction. Based on this complaint, there is no reasonable inference that his conviction has been overturned or set aside. Thus, the allegedly wrongful conviction remains in force and the claims based on it must be dismissed.

The abstention doctrine set forth in *Younger v. Harris*, 401 U.S. 37, 53 (1971), requires a federal district court to refrain from interfering with pending state criminal proceedings in deference to principles of equity, comity, and federalism. *See also State of*

*Indiana v. Haws*, 131 F.3d 1205, 1210 (7th Cir. 1997). Though Mr. Pastorcik believes that his current probation violation charge, for which he faces two years in prison, is baseless, the proper place for him to present that argument is to the state criminal court in which he faces that charge.  Thus, the injunctive relief claim must also be dismissed.

Finally, it is unclear why Mr. Pastorcik believes that he was arrested without a warrant. Attached to his complaint is a copy of the bench warrant. Docket # 1-3 at 11-12.  Though Pastorcik does not allege that the bench warrant is invalid,  even if he did, such a claim would be without merit because the charges for which he was arrested have not been overturned or set aside.  *See Heck,* 512 U.S. at 486-87.  Therefore, even if the warrant were invalid, he has no damages because he still remains otherwise validly in custody.

> Antonelli was held for months pursuant to the warrant that he is challenging, and he does not argue that he could not have challenged it in his parole revocation proceeding. Of course, if a criminal defendant arrested under an invalid warrant is convicted and given credit against his sentence of imprisonment for the period of his detention under the warrant, any challenge to the warrant is likely to be moot, since an invalid arrest need not invalidate the conviction; but, if so, then the defendant will not have any damages either.

*Antonelli v. Foster*, 104 F.3d 899, 900-901 (7th Cir. 1997).

For the reasons set forth above, the motion to proceed IFP is **DENIED**.  The Clerk is **ORDERED** to **DISMISS** this case pursuant to Title 28 U.S.C. section 1915(e)(2)(B)(ii).

**DATED:  March 6, 2006**               /s/RUDY LOZANO, Judge
                                        **United States District Court**